UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT RODRIGUEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00478-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S FAILURE TO PROTECT CLAIM AGAINST DEFENDANTS STARK, JAIME, RODRIGUEZ, GARAY, MELENDREZ, LEWIS, AND ISAIS, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE<br><br>(ECF NO. 14)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　　Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on April 3, 2020.  (ECF No. 1).  On June 17, 2020, the Court screened Plaintiff's complaint, found it stated no cognizable claims, and gave Plaintiff leave to amend.  (ECF No. 11).  Plaintiff filed a First Amended Complaint on August 10, 2020 (ECF No. 14), which is before this Court for screening.

　　　　The Court has screened the First Amended Complaint and finds that Plaintiff's failure to protect claim against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, and

Isais should proceed past the screening stage.  The Court also finds that all other claims and defendants should be dismissed.

Accordingly, the Court recommends that Plaintiff's failure to protect claim against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, and Isais be allowed to proceed past the screening stage and that all other claims and defendants be dismissed with prejudice.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a

plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

On October 17, 2017, Plaintiff was taken off suicide watch.  Defendants Stark and Jaime both said that Plaintiff was to stay on the same yard, but in building 7.  Plaintiff protested, telling them that the yard was dominated by 25er gang members that wanted to see Plaintiff's paperwork, or he would be killed.

Plaintiff stayed in his assigned cell until November 3, 2017.

On November 3, 2017, Plaintiff was returning to his assigned housing from the patio. Plaintiff told defendant Lt. Robert Rodriguez that he was being threatened with death if he did not produce his papers (abstract of judgment) to all the buildings' 25er gang members.  Then defendant Sgt. Huckleberry came over and told defendant Rodriguez something.  They both scoffed at Plaintiff and told him to lock it up.

When in front of the building, defendant correctional officers Garay, Melendrez, Lewis, and Isais were all standing closer than six feet from Plaintiff.  Two known gang members with balled-up fists rushed at Plaintiff.  Plaintiff began yelling "CO!, CO!"  After one inmate punched Plaintiff in the face, he began yelling "Man Down!, Man Down!"  The battery went on for a good three to four minutes before these defendants intervened.  Among other things, Plaintiff suffered from bruising, scraps, a blooded nose, broken teeth, and nerve damage in an eye.

Defendants Franco and Huckleberry approached Plaintiff when he was in medical. Plaintiff did not have his glasses, so he could not see anything except for a blur.  These defendants had Plaintiff sign a 1083-inmate property inventory form.  Plaintiff did not know what had been listed, but trusted these defendants, and so signed the form.  Later, when he got his glasses and a copy of the form, all of his legal books, legal reports, law reviews, motions, writs, and briefs were not listed.  This was later confirmed after Plaintiff got some allowable

property in administrative segregation.

Defendants Rodriguez, Huckleberry, Franco, Garay, Isais, Lewis, Melendrez, and Doe Defendant 1 falsified a Rules Violation Report and Crime/Incident Reports. These defendants all stated that as two inmates approached Plaintiff, Plaintiff lifted his walker and hit one of the two inmates with it. This is physically impossible for Plaintiff to do due to several spinal problems. "All named-above Defendants did not report the incident truthfully nor accurately, but for Defendants Rodriguez's & Huckleberry's willful blindness as supervisors and their gross negligence in managing their subordinates." This was done in retaliation due to Plaintiff's filing and attempted filing of appeals about prior staff misconduct and attempts to assert his rights and otherwise due to his committed offenses and/or sexuality.

Defendants Rodriguez, Huckeberry, Franco, Garay, Isais, Lewis, Melendrez, and Doe Defendant 1 all had a meeting of the minds to violate Plaintiff's constitutional right to be protected from battery. Their overt act of choice was to allow the two attackers to batter Plaintiff as they watched and to allow the attack to go on for at least three to four minutes before intervening. Then they agreed to lie on their reports of the incident and that Doe Defendant would fabricate the RVR after they all conspired and critiqued their tales on paper.

Due to the falsified Incident Report, Doe 2 took Plaintiff's $85 personal 4-wheel rolling walker.

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. False Reports

The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. See Muhammad v. Rubia, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010)

("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California … have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

There are, however, two ways that allegations that an inmate has been subjected to a false disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a constitutional right; and (2) when the prisoner alleges that he was not afforded procedural due process in a disciplinary proceeding concerning the false report. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.").

A plaintiff may state a section 1983 claim for a violation of his First Amendment rights due to retaliation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," Bradley v. Hall, 64 F.3d

1276, 1279 (9th Cir.1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567.

Here, Plaintiff attempts to allege that certain defendants falsified a Rules Violation Report and Crime/Incident Reports in retaliation for Plaintiff filing appeals, attempting to assert his rights, "and otherwise due to [Plaintiff's] committed offense(s) and/or sexuality." Even were the Court to assume that everything Plaintiff listed is protected conduct, there are no factual allegations, such as anything any of these defendants said or did, suggesting that these defendants retaliated against Plaintiff because Plaintiff filed appeals, attempted to assert his rights, or "otherwise due to [Plaintiff's] committed offense(s) and/or sexuality." Accordingly, Plaintiff has failed to state a retaliation claim based on his allegations that certain defendants falsified reports.

### B. Equal Protection

The equal protection clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123 Furnace, 705 F.3d at 1030, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008), Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008), North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

There are no allegations in the complaint suggesting that any defendant intentionally

discriminated against Plaintiff based on his membership in a protected class, or that similarly situated individuals were intentionally treated differently. Accordingly, Plaintiff has failed to state a claim under the equal protection clause.

### C. Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532 & n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533. And, "California law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-95). Additionally, "the Due Process Clause is [] not implicated by a *negligent* act of an official causing unintended loss of or injury to … property." Daniels v. Williams, 474 U.S. 327, 328 (1986).

Plaintiff alleges two separate deprivations of his property. Plaintiff alleges that, due to the falsified Incident Report, Doe 2 took his personal 4-wheel rolling walker. Plaintiff also alleges that, after he was assaulted, he signed an inventory form that defendants Franco and Huckleberry presented to him because he trusted these defendants. However, his legal books, legal reports, law reviews, motions, writs, and briefs were not listed on the form.

As to both deprivations of property, Plaintiff appears to be alleging an unauthorized intentional deprivation.[1] There are no allegations suggesting that his property was taken

---

[1] To the extent Plaintiff is alleging that defendants Franco and Huckleberry accidently failed to list his legal books, legal reports, law reviews, motions, writs, and briefs on the inventory form they presented to Plaintiff, Plaintiff has failed to state a claim because "the Due Process Clause is [] not implicated by a negligent act of an official causing unintended loss of or injury to … property." Daniels, 474 U.S. at 328.

pursuant to an established state procedure. As California law provides an adequate post-deprivation remedy, Plaintiff has failed to state a claim under the Due Process Clause for deprivation of his property. The Court notes that Plaintiff did not assert a claim under state law regarding the deprivation of property, nor did he plead compliance with California's Government Claims Act.[2]

### D. Failure to Protect

To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

Plaintiff alleges that he told Defendants Stark and Jaime that he did not want to stay on the same yard, because the yard was dominated by 25er gang members that wanted to see Plaintiff's paperwork (his abstract of judgment) or he would be killed. Based on the allegations in the complaint, it appears that these defendants did not address Plaintiff's concerns.

On November 3, 2017, Plaintiff left his assigned cell for the first time. Plaintiff told defendant Rodriguez that he was being threatened with death if he did not produce his papers to

---

[2] California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

all the buildings' 25er gang members.  Then defendant Huckleberry came over and told defendant Rodriguez something.  They both scoffed at Plaintiff and told him to lock up.

While in front of the building, defendants Garay, Melendrez, Lewis, and Isais were all standing closer than six feet from Plaintiff.  Two gang members with balled-up fists rushed Plaintiff.  Plaintiff yelled for help.  However, the battery went on for a good three to four minutes before these defendants intervened.  Among other things, Plaintiff suffered from bruising, scraps, a blooded nose, broken teeth, and nerve damage in an eye.

Construing Plaintiff's complaint liberally, the Court finds that Plaintiff's failure to protect claim against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, and Isais should proceed past the screening stage.

However, the Court also finds that Plaintiff failed to state a claim against defendant Huckleberry.  There are no allegations in the complaint suggesting that defendant Huckleberry knew that Plaintiff was being threatened.

### E.  Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or meeting of the minds to violate constitutional rights, Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001), and that an "actual deprivation of his constitutional rights resulted from the alleged conspiracy," Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir.1989)). Additionally, Plaintiff must show that Defendants "conspired or acted jointly in concert and that some overt act [was] done in furtherance of the conspiracy."  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).  "[M]ore than vague conclusory allegations are required to state a [conspiracy] claim." Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

Here, Plaintiff has only made vague conclusory allegations regarding the existence of a

conspiracy to allow inmates to attack him.  Accordingly, Plaintiff has failed to state a conspiracy claim.

Additionally, to the extent Plaintiff is alleging a conspiracy based on the allegedly false Rules Violation Report and Crime/Incident Reports, as analyzed above, Plaintiff failed to state a claim based on his allegations regarding the falsified reports.  As Plaintiff has not sufficiently alleged that an actual deprivation of his constitutional rights resulted from the conspiracy, Plaintiff has failed to state a conspiracy claim based on these allegations.

## IV.  CONCLUSION AND RECOMMENDATIONS

The Court has screened the First Amended Complaint and finds that Plaintiff's failure to protect claim against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, and Isais should proceed passed the screening stage.  The Court also finds that all other claims and defendants should be dismissed.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's failure to protect claim against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, and Isais; and
2. All other claims and defendants be dismissed with prejudice.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\
\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __**August 18, 2020**__       /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE