UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT RODRIGUEZ, et al.,<br><br>    Defendants. | No.  1:20-cv-00478-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 16) |

Plaintiff Joshua Bland is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 18, 2020, the assigned magistrate judge screened plaintiff's first amended complaint ("FAC") and issued the pending findings and recommendations.  (Doc. No. 16.)  The magistrate judge found that plaintiff alleged cognizable failure to protect claims against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, and Isais, but that he failed to allege any other cognizable claim against any other defendant.  (*Id.*)  Accordingly, the findings and recommendations recommended (1) that this action proceed on the claims found cognizable and (2) the dismissal of all other claims and defendants with prejudice.  (*Id.* at 10.)  After requesting and receiving an extension of time to file his objections, on September 3, 2020, plaintiff filed objections to the pending findings and recommendations.  (Doc. Nos. 17–19.)

1

1   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has
2   conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including
3   plaintiff's objections, the court finds the findings and recommendations to be supported by the
4   record and by proper analysis in part.
5   Plaintiff raises three objections to the pending findings and recommendations.  (*See* Doc.
6   No. 19.)  The court addresses each in turn.
7   With respect to the magistrate judge's finding that plaintiff could not assert a due process
8   claim for deprivation of his property because California law provides him an adequate post-
9   deprivation remedy (Doc. No. 16 at 7–8), plaintiff contends that "he did complete the
10  Government Claims Act program/process, but was told the court would be the proper venue," and
11  he contends that the process "is indeed futile and very inadequate" and he "thus . . .
12  challenges . . . the constitutionality of the entire statute as it impedes Pltf.'s First Amendment
13  right to petition the Government for redress."  (Doc. No. 19 at 1.)  As an initial matter, and as
14  noted in the pending findings and recommendations, plaintiff has not alleged his compliance with
15  California's Government Claims Act.  For example, he has not attached to his FAC nor his
16  objections to the pending findings and recommendations the written claim he filed with the
17  California Victim Compensation and Government Claims Board or proof of that Board's
18  acceptance or rejection of his claim.  (Doc. No. 16 at 7–8.)  Moreover, plaintiff's objection that
19  requiring his compliance with the California Government Claims Act violates his First
20  Amendment rights is clearly frivolous.
21  With respect to the magistrate judge's finding that plaintiff cannot assert a failure to
22  protect claim against defendant Huckleberry because "[t]here are no allegations in the [FAC]
23  suggesting that defendant Huckleberry knew that Plaintiff was being threatened" (*id.* at 9),
24  plaintiff for the first time alleges new facts in his objections, arguing that he told defendant
25  Huckleberry that he was being threatened.  (*See* Doc. No. 19 at 1) ("After Huckleberry said
26  something to Rodriguez, Pltf. had reiterated to Huckleberry what he had just told Rodriguez in
27  concerns with the 25er's presuring [sic] Pltf. for his paper work or they'll kill him.").  Although
28  these new allegations were not included in the FAC, and although plaintiff has not moved

2

pursuant to Federal Rule of Civil Procedure 15 to amend his FAC to include these allegations, "a district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation." *Graham v. Langford*, No. 16-cv-1729-CAS-GJS, 2017 WL 3151232, at *1 (C.D. Cal. July 24, 2017) (citing *Brown v. Roe*, 279 F.3d 742 (9th Cir. 2002) and *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000)).  Here, the magistrate judge found that the FAC alleged a failure to protect claim against defendant Rodriguez based on allegations that are substantially similar to the new allegations that plaintiff has alleged against defendant Huckleberry in his objections. *See Crane v. Yarborough*, No. 05-cv-8534 DSF-JC, 2012 WL 1067956, at *1 (C.D. Cal. Mar. 29, 2012) (declining to exercise its discretion to consider new facts alleged in objections to findings and recommendations where "the new factual allegations contained in the Objections appear to per[t]ain to events which significantly post-date the events in issue in this action and appear to involve prison officials who are not defendants in this action"). Accordingly, the court will consider the newly asserted facts that plaintiff has alleged his objections, and finds that with those allegations he has alleged a cognizable failure to protect claim against defendant Huckleberry.

Finally, with respect to the magistrate judge's finding that plaintiff "has only made vague conclusory allegations regarding the existence of a conspiracy to allow inmates to attack him" (Doc. No. 16 at 9–10), plaintiff contends that the allegations in his FAC sufficiently allege that the defendants in this action conspired against him.  (Doc. No. 19 at 1–2.)  Plaintiff's objection in this regard, and his reiteration of conclusory allegations alleging a conspiracy, do not meaningfully dispute the magistrate judge's finding that the FAC fails to allege a conspiracy claim.

Accordingly,

1. The findings and recommendations issued on August 18, 2020 (Doc. No. 16) are adopted in part;
2. This action now proceeds only on plaintiff's failure to protect claims against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, Isais, and Huckleberry;

3. All other claims and defendants are dismissed; and

4. The matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **September 29, 2020**

*Dale A. Drozd*

UNITED STATES DISTRICT JUDGE