UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT RODRIGUEZ, et al.,<br><br>  Defendants. | Case No. 1:20-cv-00478-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 20)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's failure to protect claims against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, Isais, and Huckleberry, based on Plaintiff's allegations that these defendants failed to protect him from being attacked by 25er gang members. (ECF Nos. 14, 16, & 22).

On September 14, 2020, Plaintiff filed a motion for injunctive relief. (ECF No. 20). On October 8, 2020, the Warden of Corcoran State Prison, who is not a party to this action, filed a response. (ECF No. 27).[1] On October 20, 2020, Plaintiff filed his reply. (ECF No. 28).

For the reasons that follow, the Court will recommend that Plaintiff's motion be denied.

\\\

---

[1] The Court appreciates the Warden's thorough response.

1

## I. PLAINTIFF'S MOTION

Plaintiff alleges that he has been put up for transfer to Kern Valley State Prison ("KVSP"), Facility D, which is same institution and yard where the incidents alleged in this action and other actions occurred. Plaintiff made it known to Correctional Counselor Matta, the Captain, the Deputy Chief Warden, and a mental health clinician assigned to Plaintiff's case.

Plaintiff spent four grueling years at KVSP. He suffered at the hands of both officers and inmates. He was battered many times. He developed his current state of agoraphobia there. He was even raped. He fears for his life if he is to be returned to KVSP.

Even if the officers named in this and other actions are no longer working on the same facility or at KVSP, an inmate there will recall who Plaintiff is. Additionally, when Plaintiff was transferred out of KVSP, Lieutenant Waddle told Plaintiff not to return to KVSP because the officers do not like him due to his committed offenses, and if he returned they would find out and make sure he "would not see the free world ever again," because he would be killed. (ECF No. 20, p. 1).

Plaintiff asks the Court to prevent the California Department of Corrections and Rehabilitation ("CDCR") from returning him to KVSP.

## II. THE WARDEN'S RESPONSE

The Court requested that the Warden of Corcoran State Prison respond to Plaintiff's motion. (ECF No. 30). The Warden filed a response on October 8, 2020. (ECF No. 27)

The Warden first argues that "Bland's current custodian is the Warden of California State Prison-Corcoran, who is not a party to this action," and argues that "[f]or this reason alone, Bland's claim for injunctive relief fails." (ECF No. 27, p. 3).

The Warden also argues that "Bland makes no showing that he is likely to succeed on the merits of this case. His request for injunctive relief is devoid of any factual information demonstrating that the correctional staff named in this action violated his constitutional rights. Rather, he makes conclusory statements that he has suffered at the hands of officers and inmates." (Id. at 4).

Additionally, "Bland fails to demonstrate that he likely will suffer irreparable harm if

transferred to KVSP Facility D." (Id.). "The argument that, since he was attacked at KVSP three years ago, he is likely to be attacked again, is inherently speculative and unsupported by any admissible evidence." (Id.).

Moreover, the balance of equities does not favor Bland. "Because of his violent conduct against correctional staff while incarcerated, Bland requires housing in a level four institution on a Sensitive Needs Yard with a 180-degree design." (Id.). "[S]taff sought to transfer Bland to Salinas Valley State Prison (SVSP), another level four institution with a Sensitive Needs Yard and a 180-degree design. Corcoran does not have a Sensitive Needs Yard with a 180-degree design. This transfer could not be accomplished because Bland has a documented enemy at SVSP. Presently, CDCR has only five level four facilities with a 180-degree design and a Sensitive Needs Yard, and Bland has documented enemies on each of them except for KVSP Facility D." (Id. at 5) (citations omitted).

"The balance of equities does not favor Bland because his violent conduct in prison limits the locations where he can be appropriately housed. If he were housed in a 270-degree facility, which is less secure than a 180-degree facility, it would be easier for Bland to conduct another attack on correctional staff. If housed in a facility where documented enemies also were located, or on a general population yard, he might be subject to attack. Correctional staff at Corcoran are attempting to appropriately house Bland and minimize the chances of another inmate attack. Correctional staff cannot continue to house Bland at Corcoran, which does not have a Sensitive Needs Yard with a 180-degree design. The best solution to a situation resulting from Bland's own conduct is to transfer him to KVSP, Facility D." (Id.) (citations omitted).

Additionally, "[a]n injunction is not in the public interest because it would involve either transferring Bland to a 270-degree facility, which is less secure, or to an institution where a documented enemy is housed, where he may be attacked. Rather, the public interest favors transferring him to KVSP, Facility D, where he could be housed in a 180-degree facility, on a Sensitive Needs Yard, with no documented enemies." (Id.).

Finally, the Warden argues that the Court "should afford appropriate deference and flexibility to state prison officials trying to manage a volatile prison environment," and that

Plaintiff's "request for injunctive relief does not comply with the [Prison Litigation Reform Act]" because "[t]ransferring Bland to a different facility based on a speculative claim would not be narrowly drawn and would extend further than necessary to correct the harm because Bland then would be housed either in a facility without a 180-degree design, which is less secure, or in a facility with a documented enemy, making it more likely that he would be attacked."  (Id. at 6).

## III. PLAINTIFF'S REPLY

Plaintiff alleges that the allegations that he has exhibited violent behavior are "complete and utter malarky [sic]."  (ECF No. 28, p. 1).  Plaintiff claims he was the victim of battery by officers, was denied access to appear at Rules Violation Report Hearings, and was eventually given SHU terms and criminally charged.

Plaintiff asks the Court to take judicial notice of a filing in Armstrong v. Newsom, N.D. Cal., Case No. 4:94-cv-02307, which is captioned "Notice of Motion and Motion to Stop Defendants from Assaulting, Abusing and Retaliating Against people with Disabilities…."  (ECF No. 28, p. 1).  Plaintiff alleges that he is a class member in both Armstrong and Coleman v. Newsom.

Plaintiff also "give[s] Judicial Notice to the Office of the Inspector General's Sentinel Case No: 20-04."  (ECF No. 28, p. 1).

The CDCR actively participates in a "code of silence."  (Id.).

Plaintiff has repeatedly been targeted due to his disabilities and/or sexuality.

Plaintiff asks the Court to order the State to transfer him to Mule Creek State Prison.

## IV. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d

4

719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

V.   **ANALYSIS**

The Court will recommend that Plaintiff's motion be denied.

Plaintiff has alleged that he is going to be sent back to the same institution and yard where he was previously attacked by inmates. However, as the Warden points out, the alleged incidents occurred approximately three years ago, and Plaintiff has submitted no evidence (except for the incident alleged in his complaint) suggesting that Defendants will fail to protect Plaintiff from an inmate attack if Plaintiff is transferred to KVSP. Moreover, Plaintiff submitted little to no evidence in support of his motion suggesting that the incidents alleged in his complaint occurred. Thus, Plaintiff has failed to establish that he is likely to suffer irreparable harm in the absence of

preliminary relief.[2]

To the extent Plaintiff is alleging that he is entitled to injunctive relief based on claims that are not proceeding in this case, even if Plaintiff is correct, he is not entitled to injunctive relief in this case. Pac. Radiation Oncology, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Moreover, Plaintiff appears to be seeking injunctive relief against the CDCR and the State of California. However, neither of these entities is a defendant in this action, and the defendants in this action do not appear to have the authority to provide the relief Plaintiff is seeking. An injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Accordingly, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

## VI. RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\

---

[2] The Court notes that the motion that was filed in Armstrong, which Plaintiff refers to in his reply, appears to be related to incidents that occurred at R.J. Donovan Correctional Facility, not KVSP. Plaintiff does not explain how the motion in Armstrong is relevant to his motion for injunctive relief.
  Plaintiff also does not explain how "Office of the Inspector General's Sentinel Case No: 20-04" is relevant to his motion for injunctive relief. It does not appear that the incidents discussed in Sentinel Case No: 20-04 occurred at KVSP.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 29, 2020**           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE