UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT RODRIGUEZ, et al.,<br><br>    Defendant(s). | Case No. 1:20-cv-00478-DAD-EPG (PC)<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS<br><br>ORDER REQUIRING PLAINTIFF TO PROVIDE DEFENSE COUNSEL WITH HIS INITIAL DISCLOSURES |

Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On January 27, 2021, the Court issued an order requiring the parties to file scheduling conference statements and exchange initial disclosures. (ECF No. 43). The parties have now filed their scheduling conference statements. (ECF Nos. 52 & 54).[1] Defendants state that they provided their initial disclosures. (ECF No. 52, p. 2). Despite being informed of his obligation to provide Defendants with his initial disclosures on three separate occasions (ECF Nos. 43, 48, & 53), Plaintiff did not provide initial disclosures. Instead, he stated that he "has nothing to disclose…." (ECF No. 54, p. 3). However, he does mention certain documents and at least one potential individual who has information that he may use to support his claims.

The Court has reviewed this case and the parties' statements. In an effort to secure the

---

[1] In his statement Plaintiff asks the Court to take judicial notice of a prior case, in which officers allegedly failed to protect him. (ECF No. 54, p. 4). Additionally, he submitted grievances in that case, "to no avail." (Id.). As Plaintiff does not explain how what occurred in his previous case is relevant to this case at this time, this request is DENIED without prejudice.

1

just, speedy, and inexpensive disposition of this action,[2] the Court will direct that certain documents that are central to the dispute be promptly produced.[3]

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[4]

    a. Documents regarding exhaustion of Plaintiff's claims, including 602s, Form 22s, and responses from the appeals office.

    b. All documents regarding the Rules Violation Report associated with the incident(s) alleged in the complaint, including disciplinary charges and findings.

    c. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[5]

    d. Incident reports regarding the use of force incident(s) alleged in the complaint, if any.

2. If any party obtains documents and/or other evidence described above later in

---

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[3] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[4] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

[5] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

        the case from a third party, that party shall provide all other parties with copies the documents and/or evidence within thirty days.

    3. Parties do not need to produce documents or evidence that they have already produced.

    4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

    5. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response. If any party files a response to an objection, the Court will issue a ruling on the objection.

Additionally, as Plaintiff has documents and at least one individual to disclose, IT IS ORDERED that Plaintiff has thirty days from the date of service of this order to serve Defendants' counsel with his initial disclosures. As discussed in the Court's prior order (ECF No. 43), Plaintiff shall provide Defendants' counsel with "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment." (*Id.* at 3). Plaintiff shall also provide Defendants' counsel with a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [his] possession, custody, or control and may use to support [his] claims or defenses, unless the use would be solely for impeachment." (*Id.*).

\\\

If Plaintiff fails to provide Defendants' counsel with his initial disclosures, Defendants have leave to move for sanctions, up to and including dismissal of this case for failure to prosecute and failure to comply with court orders.

IT IS SO ORDERED.

Dated: __**May 14, 2021**__

/s/ *Erici P. Grosj*
UNITED STATES MAGISTRATE JUDGE