UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT RODRIGUEZ, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00478-DAD-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS IN PART<br><br>(ECF No. 57) |

Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 25, 2021, Defendants filed a motion for discovery sanctions. (ECF No. 57). Defendants "move for dismissal under Federal Rules of Civil Procedure 37(b) and (c), or in the alternative, for evidentiary sanctions. The grounds for this motion are that the Court ordered the parties to exchange initial disclosures, and Bland failed to comply." (Id. at 1).

Plaintiff has repeatedly failed to comply with this Court's orders requiring him to provide initial disclosures to Defendants and has also failed to participate in discovery. Plaintiff has never served a document entitled "initial disclosures" as required by this Court's orders. Based on Plaintiff's actions, the Court could recommend dismissal with prejudice or payment of Defendants' reasonable expenses in filing the motion for discovery sanctions. However, in light of Plaintiff's repeated objections that he has nothing to disclosure, including no witnesses or documents, the Court will preclude Plaintiff from using any documents at

summary judgment or trial, other than the documents described in Plaintiff's scheduling conference statement, the documents disclosed by Defendants as part of their initial disclosures, and the documents Defendants were required to provide by the Court (ECF No. 55). The Court will also preclude Plaintiff from using witnesses at summary judgment or trial, other than himself and Defendants. Finally, the Court will warn Plaintiff that if Defendants prevail on a motion to compel in the future, it will order Plaintiff to pay reasonable expenses Defendants incurred in filing the motion, to the extent permitted under Federal Rule of Procedure 37.

Therefore, for the reasons described below, the Court will grant Defendants' motion for discovery sanctions in part.

### I. BACKGROUND

This action is proceeding "on plaintiff's failure to protect claims against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, Isais, and Huckleberry." (ECF No. 22, p. 3). Plaintiff alleges that he told defendants Stark, Jaime, Rodriguez, and Huckleberry that he was at risk of being attacked by 25er gang members, but they did nothing to address Plaintiff's concerns. (ECF No. 16, pgs. 8-9; ECF No. 22, pgs. 2-3). Plaintiff also alleges that defendants Garay, Melendrez, Lewis, and Isais failed to intervene when Plaintiff was attacked by gang members. (ECF No. 16, p. 9).

On January 27, 2021, the Court issued an order setting an initial scheduling conference, which required the parties to file scheduling conference statements, and required the parties to exchange initial disclosures.[1] (ECF No. 43). The Court ordered the parties to include the following information in their initial disclosures:

> (i) The name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.
>    a. The parties may withhold confidential sensitive information regarding the identity or contact information of such individuals so long as they provide a

---

[1] The Court has authority to require the parties to exchange initial disclosures. See Rule 26 Advisory Committee's Note to 2000 Amendment ("[T]he court can order exchange of similar information in managing the action under Rule 16."). See also Rule 26 Advisory Committee's Note to 1993 Amendment ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

                method of identifying and contacting such individuals, such as through counsel.

    (ii)    A copy−or a description by category and location−of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.
        a.    To the extent Defendant(s) intend to rely on an affirmative defense based on a failure to exhaust administrative remedies, Defendant(s) shall provide to Plaintiff all documents Defendant(s) intend to use to support that defense.

(Id. at 3).

       On February 18, 2021, the Court vacated the initial scheduling conference, but informed the parties that they "are still required to file scheduling conference statements no later than April 14, 2021, and to exchange initial disclosures no later than March 29, 2021." (ECF No. 48, p. 1).

       Plaintiff failed to comply with this order. Accordingly, on May 6, 2021, the Court issued an order granting "Plaintiff an additional twenty-one days to file his scheduling conference statement, to provide Defendants with his initial disclosures, and to file a notice indicating that he provided Defendants with his initial disclosures." (ECF No. 53, p. 2). The Court warned Plaintiff that if he "fails to comply with this order within this twenty-one-day period, the Court may issue findings and recommendations to the assigned district judge, recommending that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with court orders." (Id.).

       On May 12, 2021, Plaintiff belatedly filed his scheduling conference statement. (ECF No. 54). However, he did not provide Defendants with his initial disclosures. In his statement, he asserted that he "has nothing to disclose, full disclosure was presented upon Defendants' falsified incident reports, Defendants' fabricated Rules Violation Report, and the facts that Pltf. was found not guilty and was found to be the victim by the Senior Hearing Officer at the time, Lt. C. Waddle, and was presented on both of the grievances Pltf. had submitted to the grievance office. Defendants all are willing agents via the contractual nexus!" (Id. 3).

       As it appeared from Plaintiff's description that there were documents and witnesses Plaintiff may use to support his case, the Court again directed Plaintiff to serve Defendants with

3

his initial disclosures. (ECF No. 55, p. 3). The Court ordered that, "[i]f Plaintiff fails to provide Defendants' counsel with his initial disclosures, Defendants have leave to move for sanctions, up to and including dismissal of this case for failure to prosecute and failure to comply with court orders." (Id. at 4).

According to the filings by Plaintiff and Defendants (ECF Nos. 57, 58, & 59), Plaintiff still has not provided Defendants with his initial disclosures.

## II.   DISCOVERY SANCTIONS

### a.  Defendants' Motion

Defendants "move for dismissal under Federal Rules of Civil Procedure 37(b) and (c), or in the alternative, for evidentiary sanctions." (ECF No. 57, p. 1). Defendants argue that "[t]he Court should dismiss the complaint due to Bland's repeated refusals to comply with the Court's discovery orders, including the order requiring exchange of initial disclosures, and the two orders directing Bland to serve his initial disclosures. Bland has been warned several times throughout this action that the failure to comply with the Federal Rules of Civil Procedure and the Court's orders could result in sanctions. The Court therefore is justified in exercising its discretion to dismiss this action." (ECF No. 57-1, p. 3).

Defendants also argue that, "[i]f the Court finds that Bland's repeated failures to obey the Court's discovery orders does not rise to the level of warranting dismissal, then the Court alternatively should enter an order precluding Bland from introducing documents into evidence, and exclude any of his witnesses from testifying, either at summary judgment or trial." (Id. at 6).

### b.  Plaintiff's Opposition

Plaintiff states that he "complied with the Court's orders to the best of his abilities," but he cannot obtain copies of certain documents that he wants to use, and thus cannot provide them to Defendants. (ECF No. 58, p. 1).

Plaintiff makes other arguments as well:

> Furthermore, in Pltf's First Am. Compl., ECF No. 14, Pltf did not allege that defendants Jaime and Stark assigned him to be housed in a building where "2-5" gang members were also housed. Pltf stated FACTS and not that "2-5" gang

members were at; Pltf stated the FACTS as he had presented the truth, the whole truth, and nothing but the truth, and that there were "25er" gang members housed within the entire building, and for the State to discredit Pltf due to he being forced into involuntary servitue by the very State and courts of said State who under acts of fraud had defrauded him of his Fourteenth Amendment right to Due Process of Law.

Moreover, "[t]he officers of the law, in execution of process, are obligated to know the requirements of the law, and if they mistake them, whether through ignorance or design, and anyone is harmed by their error, they must respond in damages." Rogers v. Marshal, 1 U.S. 644.  (Emphasis added).

"The authority of public officers to proceed in a particular way and only upon specific conditions as to such matters implies a duty not to proceed in any manner other than that which is authorized by law." First Nat'l Bk. v. Filer, 107 Fla. 526, 142 So. 204.  "A State can act only through its agents; and it would be absurd to say that any act was not done by a State which was done by its authorized agents." Boscoe v. Bk. Of the Com. of Ky., 36 U.S. 257, 319.

"Public officials are not immune from suit when they transcent their lawful authority by invading constitutional rights." AFL-CIO v. Woodward, 406 F2d 137.  California Gov't Code, §§ 100(a) and 54950, reads, "The Sovereignty of 'the' State resides in the people there of" & "The people of 'this' State do not yield their sovereignty to the agencies which serve them."  A judge, although must be allowed discretion, the "sound and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the judges, under their oaths of office." U.S. v. Perez, 22 U.S. 579, 580; see also U.S. v. Alaska Pub. Util. Comm'r, 23 F3d 257 (9th Cir. 1994).

"The Courts of the United States are bound to recognize and enforce the common law," this being the supreme Law of the Land, also the Court is to read the federal Constitution in favor of the people.  See United States v. Merchant, 25 U.S. 480, 6 L.Ed. 700.  (Emphasis added throughout),
        Notice to Principal is Notice to Agent,
        Notice to Agent is Notice to Principal.

(ECF No. 58, pgs. 1-2) (alterations and errors in original).

    c. <u>Legal Standards</u>

Pursuant to Federal Rule of Civil Procedure 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the

reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)." Fed. R. Civ. P. (c)(1)(A)-(C).

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), the Court may dismiss an action if a party fails to obey an order to provide discovery. "A district court should consider five factors before imposing the sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002).

"Besides weighing the foregoing factors, the district court must also determine that the violations of discovery orders were due to the willfulness, bad faith, or fault of the party. Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994), as amended (July 25, 1994) (citation omitted).

    d.  Analysis

Plaintiff has failed to comply with this Court's orders requiring him to provide Defendants with his initial disclosures, despite being given numerous opportunities to comply and warnings as to what might occur if he does not. Moreover, given Defendants' motion for discovery sanctions, Plaintiff had yet another opportunity to provide Defendants with his initial disclosures. Instead, he once again states that he has no documentation to provide. (ECF No. 58, p. 1).

In his opposition to Defendants' motion Plaintiff does state that he "complied with the Court's orders to the best of his abilities," but he cannot obtain copies of certain documents that he wants to use, and thus cannot provide them to Defendants. (ECF No. 58, p. 1). To the extent that Plaintiff is arguing that he does not need to comply with this Court's orders requiring him to provide Defendants with his initial disclosures because he is unable to provide copies of documents, this argument is unavailing because, as the Court repeatedly told Plaintiff,

he only needs to list the categories of documents (he does not need to provide the documents themselves).  (See, e.g., ECF No. 43, p. 3; ECF No. 55, p. 3).

Given Plaintiff's repeated failures to provide his initial disclosures as required by this Court's orders, the Court will grant Defendants' motion for discovery sanctions in part. Plaintiff will be precluded from using any witness to support his case other than himself and Defendants.  Plaintiff will also be precluded from introducing any documents into evidence, except documents he has listed in his scheduling conference statement, documents disclosed by Defendants as part of their initial disclosures, and documents Defendants were required to provide by the Court (ECF No. 55).

The Court declines, however, to recommend dismissal at this time.  Although the Court appreciates the seriousness of Plaintiff's failure to provide initial disclosures, Plaintiff has repeatedly stated that he has nothing to disclose.  The Court's initial disclosures order required disclosure of individuals and documents "that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  (ECF No. 43).  If Plaintiff truly intends not to use any individuals or documents to support his claims, the Court finds that it cannot recommend dismissal at this time based on that decision.  It thus finds that the sanction in this order is sufficient to cure any prejudice to Defendants by the failure to serve initial disclosures.[2]

**III.   ORDER**

Based on the foregoing, the Court HEREBY ORDERS that:

1. Defendants' motion for discovery sanctions is GRANTED in part;
2. Plaintiff is precluded from using any witness to support his case other than himself and Defendants; and

---

[2] While the Court is not requiring Plaintiff to pay the reasonable expenses Defendants incurred in making this motion, the Court warns Plaintiff that if he fails to comply with any other discovery orders, he may be required to pay the reasonable expenses Defendants incur in making a future discovery motion pursuant to Federal Rule of Civil Procedure 37.  Fed. R. Civ. P. 37(a)(5) ("If the motion [for order compelling disclosure or discovery] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

3. Plaintiff is precluded from introducing any documents into evidence, except documents he has listed in his scheduling conference statement (ECF No. 54), documents disclosed by Defendants as part of their initial disclosures, and documents Defendants were required to provide by the Court (ECF No. 55).

IT IS SO ORDERED.

Dated: __August 30, 2021__                    /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE