UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT RODRIGUEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00478-DAD-EPG (PC)<br><br>ORDER DIRECTING DEFENDANTS TO FILE NOTICE INDICATING WHETHER THEY INTEND TO CLAIM THAT THE USE OF FORCE CRITIQUE FOUND THE FORCE TO BE WITHIN POLICY<br><br>(ECF No. 57) |

　　　　Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On July 26, 2021, Defendants filed a brief regarding documents submitted for *in camera* review. (ECF No. 62-1). Defendants argue that "[t]he Court should find that the use of force critique (UFC) documents for incident log number KVSP-FDY-17-11-0711 are protected from disclosure by the official information privilege." (Id.). However, Defendants also mention this document in their scheduling conference statement. They state that "[t]he use of force was also critiqued and found to be within CDCR policy."

　　　　A party may not use a privilege as both a sword and a shield. See, e.g., Rock River Commc'ns, Inc. v. Universal Music Grp., Inc., 745 F.3d 343, 353 (9th Cir. 2014) ("[a] party who affirmatively places its attorney-client communications at issue in a litigation implicitly waives the privilege. The attorney client privilege may not be used both as a sword and shield.") (citation and internal quotation marks omitted); Oracle Am., Inc. v. Innovative Tech.

Distributors, LLC, 2011 WL 2559825, at *2 (N.D. Cal. June 28, 2011) ("If Oracle wants the Court to consider the documents it considers privileged in connection with the disqualification motion, then Oracle cannot, at the same time, deny ITD access to the same materials. Otherwise, Oracle would obtain the improper advantage of using the privileged documents as both shield and sword.") (citations and internal quotation marks omitted).

It is thus relevant to the Court's evaluation of privilege over the use of force critique documents to understand whether Defendants intend to argue in this case that the result of that critique was that the force was found to be within CDCR policy.

Based on the foregoing, IT IS HEREBY ORDERED that Defendants have fourteen days from the date of service of this order to file a notice indicating whether they intend to use as evidence in this case that the use of force was critiqued and found to be within CDCR policy.

IT IS SO ORDERED.

Dated: **August 30, 2021**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE