UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>          Plaintiff,<br><br>    v.<br><br>ROBERT RODRIGUEZ, et al.,<br><br>          Defendants. | Case No. 1:20-cv-00478-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>(ECF No. 70) |

        On September 22, 2021, Plaintiff filed a Request for Judicial Notice. (ECF No. 70). It is not entirely clear what Plaintiff is asking the Court to take judicial notice of. Plaintiff mentions that he had conversations with defense counsel in which he told defense counsel that he submitted three grievance forms, but none were acknowledged. Plaintiff also alleges that this happened numerous times and was a common occurrence at Kern Valley State Prison.

        Plaintiff then goes on to include unrelated allegations. He states that he failed to do his initial disclosures because he did not understand what he had to do. He also does not know what written discovery is, and he has not been given an adequate opportunity to respond to the "forms and questions" sent by Defendants because he is currently in Ad-Seg due to safety/enemy concerns, and does not have access to any of his legal papers. Plaintiff also states that he wrote to defense counsel and asked defense counsel to take his deposition via telephone.

Finally, Plaintiff goes on to argue that the Prison Litigation Reform Act ("PLRA") does not apply to him because he is sovereign and that the PLRA is unconstitutional.

Plaintiff asks the Court to excuse the exhaustion requirement.

"The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiff's request for judicial notice will be denied and the Court will not excuse the exhaustion requirement at this time.  None of the facts alleged by Plaintiff are generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

The Court notes that Defendants have not yet filed a motion for summary judgment based on the affirmative defense of failure to exhaust available administrative remedies.  If they do, Plaintiff will have an opportunity to oppose that motion, and will be allowed to present both evidence and legal arguments as to why the exhaustion requirement should be excused.[1]

As to the unrelated allegations, Plaintiff does not ask for relief based on these allegations and it is not clear why Plaintiff included them.  Therefore, the Court will not address these allegations.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's request for judicial notice is DENIED.
IT IS SO ORDERED.

Dated:  **September 23, 2021**        /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] As to Plaintiff's arguments that he is sovereign and that statutes do not apply to him, the Court notes that "Courts across the country 'have uniformly rejected arguments' based on the sovereign citizen ideology as frivolous, irrational, or unintelligible. *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012) (collecting cases). The Ninth Circuit has rejected arguments premised on the ideology as 'utterly meritless.' *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986)." Mackey v. Bureau of Prisons, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (finding Plaintiff's complaint, which was based on sovereign citizen ideology, to be frivolous).