**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA BLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT RODRIGUEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00478-DAD-EPG (PC)<br><br>ORDER RE: DOCUMENTS WITHHELD ON THE BASIS OF THE OFFICIAL INFORMATION PRIVILEGE<br><br>(ECF No. 62) |

　　　　Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case proceeds on Plaintiff's failure to protect claims against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, Isais, and Huckleberry.  (ECF No. 22).  Plaintiff's claims stem from allegations that certain defendants failed to protect him from being attacked by inmates and certain defendants failed to protect him during the attack.  (ECF No. 14).

　　　　On May 14, 2021, the Court directed the parties to exchange certain documents.  (ECF No. 55).  As relevant here, the Court ordered the parties to provide opposing parties with "[w]itness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s)."  (Id. at 2) (footnote omitted).  The Court allowed the parties to object to providing the documents and allowed the non-objecting parties to file a response to any objection.  (Id. at 3).

　　　　On July 26, 2021, Defendants submitted the use of force critique documents ("use of

1

force critique") for incident log number KVSP-FDY-17-11-0711 for *in camera review*, arguing that it is protected by the official information privilege. (ECF No. 62). Plaintiff did not object or otherwise to respond to Defendants' filing.

The Court has reviewed Defendants' filing and the applicable law, and finds that Defendants may withhold the use of force critique pursuant to the official information privilege.

## I. DEFENDANTS' BRIEF

Defendants argue that "[t]he Court should find that the use of force critique (UFC) documents for incident log number KVSP-FDY-17-11-0711 are protected from disclosure by the official information privilege." (ECF No. 62-1, p. 1).

According to Defendants, "[t]he UFC was prompted by an incident in which staff observed inmate Bland strike inmate Vargas (AE-7596) with his walker. Bland and Vargas then began to strike each other, and inmate Sandoval (AU-5192) joined in, striking Bland. Orders were given for the three inmates to 'get down,' which were unsuccessful, requiring staff to use force to overcome the inmates' resistance and gain compliance with lawful orders." (Id. at 3) (citations omitted).

Defendants argue that "[t]hese documents contain the confidential post-incident evaluations and findings by managers considering whether the use of force in this case complied with California Code of Regulations, Title 15, and California Department of Corrections and Rehabilitation (CDCR) policies, and procedures…. [T]he documents must remain confidential in order to preserve the integrity of CDCR's own investigative processes for incidents involving the use of force. Furthermore, in light of Plaintiff Bland's *pro se* and incarcerated status, a protective order cannot be crafted that would meaningfully protect CDCR's interests in maintaining the confidentiality of these documents. The Court therefore should find that the documents are covered by the official information privilege and that their production to Bland is not required." (Id. at 1-2).

Defendants also argue that the "relevant information contained in the UFC documents is largely duplicative of non-confidential information that either has been produced to Bland or is accessible to him…." (Id. at 5).

## II.     LEGAL STANDARDS

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) … is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure…." Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted).  The Ninth Circuit has since followed Kerr in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege.  See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal., 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting Kerr v. U. S. Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 406 (1976)); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991) ("Government personnel files are considered official information.  To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery.") (citations omitted).

## III.     ANALYSIS

After reviewing the use of force critique, the Court finds that Defendants may withhold it pursuant to the official information privilege.

In directing the parties to provide "[w]itness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint," the Court cited to Woodford v. Ngo, 548 U.S. 81 (2006), in a footnote. (ECF No. 55, p. 2).  Woodford states that "proper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court.  When a grievance is filed shortly after the event giving rise to the

grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved." Id. at 94-95. It is noteworthy that the Supreme Court only addressed the use of underlying evidence gathered in the factual investigation, and not to the conclusion of that investigation.[1]

Additionally, the Court finds that supervisors'/managers' ultimate conclusions have little, if any, relevance to this case because that question is one for the jury and the conclusion of the prison factfinders is not relevant and will likely be subject to exclusion in any event. This is especially so considering that this action is proceeding on a claim based on a failure to protect Plaintiff from other inmates, not on an excessive force claim against prison officials.

Further, the relevance is limited because Defendants have indicated that while they "intend to argue that the use of force in this case was within CDCR policy," they "do not intend to argue that the use of force was critiqued and found to be within CDCR policy, and specifically do not intend to offer into evidence or otherwise refer to the use-of-force critique for incident log KVSP-FDY-17-11-0711." (ECF No. 66, p. 2).

Based on this Court's balancing, and taking into account the Supreme Court's direction, the Court finds that the official information privilege shields the conclusions from supervisors/managers regarding whether prison policy was violated or whether excessive force was used against Plaintiff.

\\\
\\\
\\\
\\\
\\\

---

[1] The Court notes that it did not direct Defendants to provide supervisors'/managers' ultimate conclusions. Instead, the Court only directed them to produce "witness statements and evidence." (ECF No. 55, p. 2). As the use of force critique does not contain any unique witness statements related to the incidents alleged in the complaint or any unique evidence related to the incidents alleged in the complaint, it did not fall within the scope of the Court's order. The use of force critique does refer to documents that fall within the scope of the Court's order, but Defendants did not object to providing those documents.

### IV. ORDER

Defendants may withhold the use of force critique from Plaintiff under the official information privilege because the concerns regarding safety and security of the prison outweigh the relevance of the material.

IT IS SO ORDERED.

Dated: **September 24, 2021**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE