UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT RODRIGUEZ, et al.,<br><br>    Defendants. | No. 1:20-cv-00478-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION<br><br>(Doc. No. 67) |

This case comes before the court on plaintiff Joshua Bland's request for reconsideration by the district court of the magistrate judge's August 30, 2021 order imposing discovery sanctions. (Doc. Nos. 67, 64.) For the reasons that follow, plaintiff's request for reconsideration will be denied.

On June 25, 2021, defendants Jaime, Elizabeth Stark, Robert Rodriguez, Chad D. Huckleberry, Michael A. Isais, Wessie T. Lewis, Lisette Melendrez, and Mariana Garay (collectively, "defendants") filed a motion seeking imposition of discovery sanctions against plaintiff in this action. (Doc. No. 57.) The assigned magistrate judge performed a close review of the record and determined that plaintiff's conduct in connection with discovery in this case warranted the imposition of sanctions. Accordingly, the magistrate judge's order precluded plaintiff from "using witnesses at summary judgment or trial, other than himself and Defendants" and from "using any documents at summary judgment or trial, other than the documents

1

described in Plaintiff's scheduling conference statement, the documents disclosed by Defendants as part of their initial disclosures, and the documents Defendants were required to provide by the Court." (Doc. No. 64 at 1–2.)

The magistrate judge recounted three separate orders in which the court had directed plaintiff to provide defendants with his initial disclosures, including an order that specified the initial disclosure should include the name and contact information of "each individual likely to have discoverable information−along with the subjects of that information−that the disclosing party may use to support its claims or defenses" as well as a copy or a description of "all documents . . . [that] may be use[d] to support its claims or defenses." (*Id.* at 2–4; Doc. No. 43 at 3.) Nonetheless, plaintiff did not provide defendants with his initial disclosures despite the multiple orders and the court's warning that continued failure to comply would risk the dismissal of this action. (Doc. No. 64 at 3–4.)

Plaintiff filed the pending request for reconsideration on September 9, 2021. (Doc. No. 67.) Defendants have not filed a response. Plaintiff's sole argument in support of his motion for reconsideration is based upon his contention that he was unable to provide initial disclosures because he did not know "what the documents the he needed and wanted to use to prove his cause of action" or "where these documents [were] located nor did he know what they were called, he just knew they existed." (Doc. No. 67 at 1.)

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72(a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United*

*States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).  "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed."  *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).  A reviewing court may not substitute its judgment for that of the deciding court.  *Rivera v. Nibco, Inc.,* 364 F.3d 1057, 1063 (9th Cir.2004).

As explained above, this court reviews the magistrate judge's order under the "clearly erroneous or contrary to law" standard. That is, plaintiff must show facts or law which demonstrate that portions of the magistrate judge's order are clearly erroneous or contrary to law. Plaintiff in this case have failed to meet his burden.  Plaintiff's argument that he did not know the specific description of the "use of force critique" documents he intended to use is unpersuasive. Nothing prevented plaintiff from describing those documents that he asserted he "knew they existed" in his own words. (*See* Doc. No. 67 at 1.)  Furthermore, plaintiff still has not provided a description of any other document, nor has he named any witnesses he wishes to attempt to use to prove his cause of action.  The magistrate judge's ruling on this matter is neither erroneous nor contrary to law.  Moreover, even under a *de novo* standard of review,  given the circumstances presented here and plaintiff's failure to disclose evidence and witnesses, the undersigned would uphold the magistrate judge's order imposing evidentiary sanctions.  As such, plaintiff's request for reconsideration is denied.

Accordingly.

1. Plaintiff's request for reconsideration (Doc. No. 67) of the magistrate judge's August 30, 2021 ruling is denied; and

/////

3

2. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**September 25, 2021**__      _____/s/ Dale A. Drozd_____
                                                              UNITED STATES DISTRICT JUDGE