UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT RODRIGUEZ, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00478-DAD-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL<br><br>(ECF. No. 78) |

## I.    INTRODUCTION

Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On December 3, 2021, Defendants filed a motion to compel, arguing that Plaintiff failed to respond to defendant Rodriguez's first set of interrogatories and first set of requests for production of documents.  (ECF No. 78).  Defendants ask the Court to "enter an order compelling Bland's responses to the interrogatories and requests for production of documents without objection."  (ECF No. 78-1, p. 1).  Defendants also ask the Court to "order Bland to pay Defendants' reasonable expenses in bringing this motion in the sum of $880.  Alternatively, Defendants renew their request for terminating sanctions, due to Bland's continued failure to comply with the Court's discovery orders."  (Id. at 2).  On January 3, 2022, Plaintiff filed what appears to be his opposition.  (ECF No. 81).

1

For the reasons that follow, the Court will grant Defendants' motion to compel and order Plaintiff to pay Defendants reasonable expenses in the amount of $880.  If Plaintiff fails to respond to the interrogatories and requests for production of documents, or fails to pay the $880, Defendants may file a notice informing the Court of Plaintiff's failure(s) and the Court will issue findings and recommendations to the assigned district judge recommending dismissal of this action.

## II.    DEFENDANTS' MOTION

"[O]n August 23, 2021, Defendant Rodriguez served Plaintiff Bland a first set of interrogatories and first set of requests for production of documents.  The discovery sought information regarding Bland's claims against Defendants.  The discovery also sought information regarding Bland's efforts to exhaust his administrative remedies or whether he was somehow excused from the exhaustion requirement.  This information is necessary in light of Bland's statements in his operative complaint stating that he did not exhaust his administrative remedies, and Defendants' need to evaluate whether a motion for summary judgment on the issue of administrative exhaustion is feasible."  (ECF No. 78-1, p. 3) (citations omitted).

"Bland's deadline to respond to Rodriguez's first set of interrogatories and requests for production of documents expired on October 7, 2021.  He did not serve any responses by that deadline."  (Id. at 4) (citations omitted).

"On October 29, 2021, Defendants conferred with Bland in writing regarding his failure to provide responses, and also provided courtesy copies of the discovery requests.  Bland responded in a letter dated November 15, 2021, stating that he would mail the discovery responses no later than November 18, 2021."  (Id.) (citations omitted).

"Both the initial time for Bland to serve his discovery responses, and the time by which he stated he would provide the responses, have passed.  Counsel therefore believes that any further efforts to meet and confer to discuss the discovery would be futile.  Additionally, because of the upcoming deadline to file any motion based on administrative exhaustion, Defendants can no longer wait.  As of this motion, Defendants still have not received Bland's responses to any of Rodriguez's written discovery served last August."  (Id.) (citations

omitted).

"In light of Bland's complete failure to serve responses to Rodriguez's first set of interrogatories, and first set of requests for production of documents, the Court should enter an order compelling Bland to serve written responses, and to identify and produce responsive documents, if he has any." (Id.).

Defendants also argue that the Court should order Plaintiff to pay Defendants' reasonable expenses in bringing this motion, in the amount of $880 (four hours of attorney time at a rate of $220 per hour). (Id. at 4-5). Alternatively, Defendants renew their request for terminating sanctions. (Id. at 6).

## III.   PLAINTIFF'S OPPOSITION

Plaintiff argues that the Court has "mistakenly" treated his pleadings as a "complaint." (ECF No. 81, p. 1). However, Plaintiff did not file a "complaint," and thus the Federal Rules of Civil Procedure do not apply to this matter. (Id.).

## IV.   LEGAL STANDARDS

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response…." Fed. R. Civ. P. 37(a)(4).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citation omitted).

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

## V.   ANALYSIS

Defendants have met their burden to show that they served discovery seeking relevant information, and Plaintiff has failed to show that the discovery should be prohibited.

Plaintiff's argument that he did not file a "complaint" and that the Federal Rules of Civil Procedure thus do not apply is without merit.  Plaintiff commenced this action by filing a complaint (ECF No. 1), and this action is currently proceeding on his First Amended Complaint (ECF No. 14).

As Plaintiff failed to respond to Defendants' discovery request, and as no reason has been provided by Plaintiff as to this failure, the Court will grant Defendants' motion to compel. Plaintiff will be given thirty days from the date of service of this order to serve responses to Rodriguez's discovery requests without objection,[1] and to identify and produce responsive documents, if he has any.

The Court will also grant Defendants' request for attorney's fees.[2]

Under Rule 37(a)(5)(A):

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

---

[1] "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

[2] As the Court is granting Defendants' request for attorney's fees, the Court will not address Defendants' alternative request to renew their motion for terminating sanctions.  However, the Court will recommend terminating sanctions if Plaintiff fails to comply with this order.

    (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or

    (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, Defendants attempted to meet and confer with Plaintiff, to no avail. Moreover, as discussed above, Plaintiff's argument as to why he did not need to respond to discovery are without merit. Finally, the Court does not find that other circumstances make an award of expenses unjust. The Court notes that Plaintiff was previously sanctioned because he repeatedly failed to comply with Court orders requiring him to provide initial disclosures. (See ECF No. 64). Thus, Defendants are entitled to the reasonable expenses incurred in making this motion.

The Court next turns to calculating the reasonable fees. Reasonable attorney fees are generally calculated based on the traditional "lodestar" method. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), opinion amended on denial of reh'g, 108 F.3d 981 (9th Cir. 1997). When calculating the lodestar amount, the Court looks "to the prevailing market rates in the relevant community"—in this case the Fresno Division of the Eastern District of California. Blum v. Stenson, 465 U.S. 886, 895 & n. 11 (1984).

The Court finds that $220 per hour, which is California's billing rate for Deputy Attorneys General (ECF No. 78-2, p. 35), is a reasonable rate.[3] The Court also finds that defense counsel reasonably expended four hours of time to prepare this motion to compel.

---

    [3] See, e.g., In re Taco Bell Wage & Hour Actions, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (noting attorneys in Fresno Division with twenty or more years of experience are awarded $350.00 to $400.00 per hour, and attorneys with less than fifteen years of experience are awarded $250.00 to $350.00 per hour); Garcia v. FCA US LLC, 2018 WL 1184949, at *6 (E.D. Cal. Mar. 7, 2018) (awarding $400.00 per hour to attorney with nearly thirty years of experience; $300.00 to attorney with nearly fifteen years of experience; $250.00 to attorney with ten years of experience; $225.00 to attorneys attorney with five years of experience; and $175.00 to attorney with less than five years of experience).

Accordingly, the Court will grant Defendants' request for $880 in fees.

Given that Plaintiff was previously sanctioned for repeatedly failing to follow Court orders (ECF No. 64), the Court warns Plaintiff that if he fails to respond to the interrogatories and requests for production of documents, or fails to pay the $880, Defendants may file a notice informing the Court of Plaintiff's failure(s) and the Court will issue findings and recommendations to the assigned district judge recommending dismissal of this action.

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff has thirty days from the date of service of this order to serve responses to Rodriguez's discovery requests without objection, and to identify and produce responsive documents, if he has any.

2. Plaintiff has thirty days from the date of service of this order to pay Defendants' reasonable attorney's fees in the amount of $880.

3. If Plaintiff fails to respond to the interrogatories and requests for production of documents, or fails to pay the $880, Defendants may file a notice informing the Court of Plaintiff's failure(s) and the Court will issue findings and recommendations to the assigned district judge recommending dismissal of this action.

IT IS SO ORDERED.

Dated:   __January 4, 2022__          ___/s/ Erica P. Grosjean___
                                       UNITED STATES MAGISTRATE JUDGE

6