UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSHUA BLAND,

Plaintiff,

v.

ROBERT RODRIGUEZ, et al.,

Defendants.

Case No. 1:20-cv-00478-DAD-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE

(ECF Nos. 64, 83, 88)

OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS

Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's failure to protect claims against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, Isais, and Huckleberry." (ECF Nos. 14 & 22).

On January 5, 2022, the Court granted Defendants' motion to compel because Plaintiff failed to respond to discovery requests and provided no reason for his failure to do so. (ECF No. 83). The Court also granted Defendants' request for attorney's fees. (Id.). "Given that Plaintiff was previously sanctioned for repeatedly failing to follow Court orders (ECF No. 64), the Court warn[ed] Plaintiff that if he fails to respond to the interrogatories and requests for production of documents, or fails to pay the $880, Defendants may file a notice informing the Court of Plaintiff's failure(s) and the Court will issue findings and recommendations to the assigned district judge recommending dismissal of this action." (Id. at 6).

On February 23, 2022, Defendants filed a notice indicating that Plaintiff failed to

respond to the discovery requests and failed to pay the $880 in fees. (ECF No. 88). Defendants requested that the Court issue terminating sanctions. (Id.). On March 3, 2022, Defendants filed an amended notice and request for terminating sanctions. (ECF No. 90). According to the amended notice, Plaintiff did respond to defendant Rodriguez's First Set of Interrogatories, but the responses are inadequate, and he still failed to respond to the Requests for Production of Documents and failed to pay the $880 in fees. (Id.). On March 7, 2022, Plaintiff filed objections to Defendants' notice. (ECF No. 93).

Given Plaintiff's failure to comply with numerous discovery orders issued by this Court, the Court will recommend that this action be dismissed, without prejudice.

## I. BACKGROUND

This action is proceeding "on plaintiff's failure to protect claims against defendants Stark, Jaime, Rodriguez, Garay, Melendrez, Lewis, Isais, and Huckleberry." (ECF No. 22, p. 3). Plaintiff alleges that he told defendants Stark, Jaime, Rodriguez, and Huckleberry that he was at risk of being attacked by 25er gang members, but they did nothing to address Plaintiff's concerns. (ECF No. 16, pgs. 8-9; ECF No. 22, pgs. 2-3). Plaintiff also alleges that defendants Garay, Melendrez, Lewis, and Isais failed to intervene when Plaintiff was attacked by gang members. (ECF No. 16, p. 9).

On January 27, 2021, the Court issued an order setting an initial scheduling conference, which required the parties to file scheduling conference statements, and required the parties to exchange initial disclosures. (ECF No. 43). The Court ordered the parties to include the following information in their initial disclosures:

(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.
   a. The parties may withhold confidential sensitive information regarding the identity or contact information of such individuals so long as they provide a method of identifying and contacting such individuals, such as through counsel.

(ii) A copy−or a description by category and location−of all documents, electronically stored information, and tangible things that the disclosing party

        > has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.
>
> a. To the extent Defendant(s) intend to rely on an affirmative defense based on a failure to exhaust administrative remedies, Defendant(s) shall provide to Plaintiff all documents Defendant(s) intend to use to support that defense.

(Id. at 3).

On February 18, 2021, the Court vacated the initial scheduling conference, but informed the parties that they "are still required to file scheduling conference statements no later than April 14, 2021, and to exchange initial disclosures no later than March 29, 2021." (ECF No. 48, p. 1).

Plaintiff failed to comply with this order. Accordingly, on May 6, 2021, the Court issued an order granting "Plaintiff an additional twenty-one days to file his scheduling conference statement, to provide Defendants with his initial disclosures, and to file a notice indicating that he provided Defendants with his initial disclosures." (ECF No. 53, p. 2). The Court warned Plaintiff that if he "fails to comply with this order within this twenty-one-day period, the Court may issue findings and recommendations to the assigned district judge, recommending that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with court orders." (Id.).

On May 12, 2021, Plaintiff belatedly filed his scheduling conference statement. (ECF No. 54). However, he did not provide Defendants with his initial disclosures. In his statement, he asserted that he "has nothing to disclose, full disclosure was presented upon Defendants' falsified incident reports, Defendants' fabricated Rules Violation Report, and the facts that Pltf. was found not guilty and was found to be the victim by the Senior Hearing Officer at the time, Lt. C. Waddle, and was presented on both of the grievances Pltf. had submitted to the grievance office. Defendants all are willing agents via the contractual nexus!" (Id. 3).

As it appeared from Plaintiff's description that there were documents and witnesses Plaintiff may use to support his case, the Court again directed Plaintiff to serve Defendants with his initial disclosures. (ECF No. 55, p. 3). The Court ordered that, "[i]f Plaintiff fails to provide Defendants' counsel with his initial disclosures, Defendants have leave to move for sanctions, up to and including dismissal of this case for failure to prosecute and failure to

comply with court orders." (Id. at 4).

On June 25, 2021, Defendants filed a motion for discovery sanctions because Plaintiff failed to provide Defendants with his initial disclosures, despite being ordered to do so repeatedly. (ECF No. 57). Given Plaintiff's failure to comply with this Court's orders, despite being given numerous opportunities to do so, on August 30, 2021, the Court granted Defendants' motion in part and entered exclusionary sanctions. (ECF No. 64). "Plaintiff is precluded from using any witness to support his case other than himself and Defendants." (Id. at 7). Additionally, "Plaintiff is precluded from introducing any documents into evidence, except documents he has listed in his scheduling conference statement (ECF No. 54), documents disclosed by Defendants as part of their initial disclosures, and documents Defendants were required to provide by the Court (ECF No. 55)." (ECF No. 64, p. 8).

On December 3, 2021, Defendants filed a motion to compel because Plaintiff failed to respond to defendant Rodriguez's first set of interrogatories and first set of requests for production of documents. (ECF No. 78). Defendant Rodriguez requested relevant documents, including: all documents that support Plaintiff's contention that Defendants failed to protect him on November 3, 2017; all documents that support Plaintiff's contention that he complied with his obligation to exhaust administrative remedies; all grievances Plaintiff submitted that support his claims against Defendants; all responses to those grievances; and all documents that support Plaintiff's contention that he was unable to exhaust his available administrative remedies. (ECF No. 78-2, p. 27). Defendant Rodriguez also asked Plaintiff relevant questions, including: "Please identify each individual who has information, along with the subject of that information, that supports your claims against Defendants;" "Please identify each document that supports your claims against Defendants and state how that document supports your claims;" "Please identify each administrative grievance, by log number and date, that you submitted to California Department of Corrections and Rehabilitation that supports your claims against Defendants;" "Please identify all damages you suffered as a result of Defendants' actions that are the subject of this lawsuit;" and "For each item of damages you identified … state the amount and how that amount was calculated." (Id. at 7, 9, 11, 18, & 19). Defendants

also requested attorney's fees. (ECF No. 78).

On January 5, 2022, the Court granted Defendants' motion to compel because Plaintiff failed to respond to Defendants' discovery requests and provided no reason for his failure to do so. (ECF No. 83). The Court also granted Defendants' request for attorney's fees. (Id.). "Given that Plaintiff was previously sanctioned for repeatedly failing to follow Court orders (ECF No. 64), the Court warn[ed] Plaintiff that if he fails to respond to the interrogatories and requests for production of documents, or fails to pay the $880, Defendants may file a notice informing the Court of Plaintiff's failure(s) and the Court will issue findings and recommendations to the assigned district judge recommending dismissal of this action." (Id. at 6).

On February 23, 2022, Defendants filed a notice indicating that Plaintiff failed to respond to the discovery requests and failed to pay the $880 in fees. (ECF No. 88). Defendants requested that the Court issue terminating sanctions. (Id.). On March 3, 2022, Defendants filed an amended notice and request for terminating sanctions. (ECF No. 90). According to the amended notice, Plaintiff did respond to defendant Rodriguez's First Set of Interrogatories, but he still failed to respond to the Requests for Production of Documents and failed to pay the $880 in fees. (Id.).

On March 7, 2022, Plaintiff filed objections to Defendants' notice. (ECF No. 93). Plaintiff alleges that on or around December 12, 2021 (which is after Defendants filed their motion to compel), Plaintiff responded to the request for interrogatories and the request for production of documents (Plaintiff sent the only two documents he had).[1]

---

[1] Plaintiff made two other filings after the Court issued its order granting Defendants' motion to compel. On January 26, 2022, he filed an "Original Writ for Common Law Remedy…." (ECF No. 86). And on February 22, 2022, he filed a "Writ for Adequate Remedy at Law…." (ECF No. 89). However, these filings do not appear to be relevant to the issues at hand. Plaintiff does once again argue that he is not a plaintiff, which appears to be an attempt to reargue his arguments that the Federal Rules of Civil Procedure do not apply to him. However, the Court has already found that this argument is meritless. (ECF No. 83, p. 4). Moreover, the filings are based on sovereign citizen ideology, and "[c]ourts across the country 'have uniformly rejected arguments' based on the sovereign citizen ideology as frivolous, irrational, or unintelligible. *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012) (collecting cases). The Ninth Circuit has rejected arguments premised on the ideology as 'utterly meritless.' *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986)." Mackey v. Bureau of Prisons, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016).

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), the Court may dismiss an action if a party fails to obey an order to provide discovery. "A district court should consider five factors before imposing the sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002).[2]

"Besides weighing the foregoing factors, the district court must also determine that the violations of discovery orders were due to the willfulness, bad faith, or fault of the party. Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994), as amended (July 25, 1994) (citation omitted).

## III. ANALYSIS

As described by above, Plaintiff repeatedly refused to obey this Court's discovery orders and repeatedly refused to participate in discovery, despite being sanctioned and being warned by the Court of possible dismissal.

Given Plaintiff's repeated failure to comply with court orders to provide discovery, and his failure to adequately explain why he could not comply, the Court finds that Plaintiff's failure to comply with this Court's orders is willful. Plaintiff has not adequately shown that anything outside of his control prevented him from complying with this Court's orders to provide initial disclosures or to respond to the First Set of Interrogatories without objection.

Plaintiff argues that he did respond to the discovery requests (after the motion to compel was filed) and did comply with this Court's order on the motion to compel. However, Plaintiff did not comply with the Court's order on the motion to compel. First, there is no indication

\\\

[2] These same factors apply when determining whether to dismiss an action for failure to prosecute. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

that Plaintiff paid the $880 in fees. Second, Plaintiff submitted updated responses[3] to the interrogatories after receiving the Court order on the motion to compel (ECF No. 93 pgs. 5-22), but despite the explicit instruction that Plaintiff had to "serve responses to Rodriguez's discovery requests *without objection*," (ECF No. 83, p. 6) (emphasis added), Plaintiff still objected/failed to respond to some of the interrogatories. In response to Interrogatory No. 7, which states, "Describe in detail your understanding of every way in which a California prisoner may submit an administrative grievance," Plaintiff stated, "Plaintiff OBJECTS to this type of questioning, Plaintiff is not an idiot!" (ECF No. 93, p. 12). In response to Interrogatory No. 13, which states, "For each item of damages you identified in response to Interrogatory No. 12 [and Plaintiff did identify items of damages], state the amount and how that amount was calculated," Plaintiff stated "N/A." (Id. at 18). In response to Interrogatory No. 14, which states, "For each felony you have been convicted of, state: the city and state where you were convicted; the date of the conviction; the offense; and the court and case number," Plaintiff stated "N/A." (Id. at 19). In response to Interrogatory No. 15, which states, "identify every lawsuit you have filed against CDCR or any CDCR employee including the title of the case, the court and case number, and the disposition of the case," Plaintiff stated, "Plaintiff OBJECTS to this question as it does NOT pertain to the instant matter." (Id. at 20). Finally, while Plaintiff alleges that he sent two documents in response to the fifteen document requests, this appears to be the first time Plaintiff has indicated that these are the only two responsive documents that he has to produce.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. As to the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Accordingly, this factor weighs in favor of dismissal.

[3] The Court notes that in his original responses Plaintiff also objected/failed to properly respond to several interrogatories, even though he served them after the motion to compel was filed and long after his responses were due. This is improper. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Plaintiff failed to provide his initial disclosures and failed to respond to the First Set of Interrogatories without objection, despite being ordered to do both by the Court. Moreover, Plaintiff still has not provided any explanation as to why he waited until after Defendants filed their motion to respond to the discovery requests, or why he waited until March of 2022 (approximately six months after the requests were first served) to finally indicate that he only has two responsive documents. Plaintiff's failure to timely participate in discovery and to comply with this Court's orders has, and will continue to, interfere with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to participate in discovery and to comply with this Court's orders that is causing, and will continue to cause, delay. The Court has already modified the schedule three times due to Plaintiff's failure to participate in discovery. (ECF Nos. 69, 80, & 92). Moreover, Defendants have not been provided with complete responses to the First Set of Interrogatories. Therefore, the third factor weighs in favor of dismissal.

Because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

As for the availability of lesser sanctions, the Court has already issued lesser sanctions, but Plaintiff still refuses to comply with court orders. The Court issued exclusionary sanctions, issued monetary sanctions, and warned Plaintiff of possible dismissal. Despite this, Plaintiff still failed to comply with this Court's order granting Defendants' motion to compel. Given Plaintiff's failures the Court could recommend the harshest sanction of dismissal with prejudice, but is instead recommending the lesser sanction of dismissal without prejudice.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

**IV. RECOMMENDATIONS**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 11, 2022**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE