UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT RODRIGUEZ, et al.,<br><br>    Defendants. | No. 1:20-cv-00478-ADA-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 64, 83, 88, 90, 94) |

Joshua Bland ("Plaintiff") is a state prisoner, proceeding *pro se* and *in forma pauperis*, in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 14, 2022, the assigned Magistrate Judge entered findings and recommendations, recommending that the case be dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case. (Doc. No. 94 at 9.) The findings and recommendations were served on the Plaintiff and contained notice that any objections were to be filed within fourteen (14) days. (*Id.*) On March 21, 2022, Plaintiff filed objections to defendants' pleadings. (Doc. No. 96.) On March 24, 2022, Plaintiff filed objections to the findings and recommendations and a motion for appointment of counsel. (Doc. No. 97.) On March 30, 2022, defendants filed a reply to Plaintiff's objections. (Doc. No. 98.)

//

With respect to Plaintiff's request for appointed counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. In determining whether such exceptional circumstances exist, a court must evaluate both the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se*, considering the complexity of the legal issues involved." *Id.*

Upon review of the record of this case, the court will not order appointment of pro bono counsel. The court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims. In Defendants' reply, Defendants stated that Plaintiff has additional pending lawsuits in state and federal court, which supports that he likely understands the legal issues involved. (Doc. No. 98 at 6.) Plaintiff has also demonstrated his capability of engaging in the discovery process through his responses to interrogatories, although they are insufficient. (*See, e.g.*, Doc. No. 93.) Therefore, the court finds that appointment of counsel is unwarranted and will not be ordered.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. Plaintiff's request for appointment of pro bono counsel, (Doc. No. 97), is denied;
2. The findings and recommendations issued on March 14, 2022, (Doc. No. 94), are adopted in full;
3. This case is dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case; and

///

///

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 15, 2022

_____
UNITED STATES DISTRICT JUDGE